■ ELIZABETH A. CAHN, Respondent, v GREGG WALLACE SQUIRES, Appellant. [824 NYS2d 728]—

In a matrimonial action in which the parties were divorced by judgment entered May 26, 2004, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated June 28, 2005, as (1) granted that branch of the plaintiff's motion which was for leave to reargue that branch of the plaintiff's prior motion which was to direct an equal division of the net proceeds of the sale of the former marital residence, upon a provision of the parties' stipulation of settlement directing the sale of the former marital residence and equal division of the net proceeds if he failed to pay the plaintiff the sum of $29,000 before a date certain, and, upon reargument, granted that branch of the plaintiff's prior motion, (2) and denied that branch of his cross motion which was to direct the plaintiff to accept the sum of $29,000 in satisfaction of his obligation under that provision of the parties' stipulation of settlement.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 9, 2004, the parties entered into a stipulation of settlement which was incorporated, but not merged, into a judgment of divorce. The provision in question provided, inter alia, that the defendant could pay the plaintiff the sum of $29,000 for her interest in the former marital residence (hereinafter premises) or, if the defendant did not pay the sum by a date certain, the parties would then sell the premises and divide the net proceeds equally. The defendant concededly failed to make

the payment in the time allotted, and the Supreme Court directed the sale of the premises and equal division of the net sale proceeds.

Contrary to the defendant's contention, the subject provision of the parties' stipulation of settlement was not a liquidated damages clause (*see Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 423-425 [1977]; *Feiertag v Feiertag*, 2 AD3d 574 [2003]; *Willner v Willner*, 145 AD2d 236 [1989]). Rather the provision was an alternative contract (*see* 11 Corbin on Contracts §§ 58.18, 59.4, 59.7, 59.9; *see also Rubinstein v Rubinstein*, 23 NY2d 293, 299; *see generally Rector of Trinity Church in City of N.Y. v Vanderbilt*, 98 NY 170, 174-175 [1885]), which provided the defendant with two distinct options, one of which included purchasing the plaintiff's interest in the former marital home (*see e.g. Feiertag v Feiertag, supra*).

Accordingly, the Supreme Court properly directed that, upon the sale of the premises, the net proceeds were to be divided equally.

The defendant's remaining contention is not properly before this Court. Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.